No. 20,345.

EDWARD KOCH *v.* CLARK W. ILGEN, ET AL.

(388 P. [2d] 254)

Decided January 13, 1964.

Messrs. MARMADUKE & THULSON, for plaintiff in error.

Messrs. COLE, MINCER and LARSON, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS writ of error is directed to a quiet title decree of the district court of Pitkin County relative to Lot Q,

Block 30, Township and City of Aspen, Colorado. The court declared that the plaintiff in error Koch, plaintiff in the trial court, had no right, title or interest in said tract and quieted title in the defendants in error Clark W. Ilgen and Eileen L. Ilgen.

The court found: (a) That the Ilgens and their predecessors in title had been in actual and complete possession of all of said property at all times from the latter part of 1938; (b) that they are now in such possession, and have been under claim and color of title made in good faith for a period of more than seven successive years immediately prior to the commencement of the action; (c) have paid all of the taxes legally assessed during said time, all in compliance with and under the provisions of C.R.S. '53, 118-7-8.

Plaintiff in error admits color and claim of title, payment of the legally assessed taxes for the required seven consecutive years, and urges only one ground of error, namely: the finding of the court that the Ilgens and their predecessors in title had been in actual and complete possession of the property is not supported by the evidence.

On the latter point we find the testimony to be: In 1938 one John Sievers, the grandfather of defendant in error Eileen Ilgen, obtained title to one half of Lot O and all of Lot P abutting and lying to the west of Lot Q, the subject property. Soon after he erected a wire mesh fence on the east side of lot Q in place of a barbwire fence, planted a lawn and lilac bush on the lot. In 1942 Sievers obtained the outstanding tax certificates on Lot Q, but never did obtain a treasurer's deed for said tract. John Sievers in 1952 quit claimed all of the property, including lot Q, to Henry Sievers, who in 1953 conveyed the same to the Ilgens. The evidence discloses that since the wire mesh fence was installed that, too, was replaced and a "snow" fence erected on the east boundary of lot Q.

The maintenance of the lawn, bush and fences were sufficient acts and evidence of possession as to ful-

fill the requirements of the statute. We hold that the court was correct. Under familiar principles of law, we will not disturb the findings.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE PRINGLE concur.